UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
AEKYUNG CO., LTD,                     :
                                      :
                Plaintiff             :
                                      :
        -against-                     :     99 Civ. 11773 (LMM)
                                      :     <u>MEMORANDUM AND ORDER</u>
INTRA & COMPANY, INC., INTRA          :
OFFSHORE PARTNERS, INC., NASSER       :
DAWANI and JOHN DOES 1 through 10,    :
                                      :
                Defendants.           :
                                      :
----------------------------------X

McKENNA, D.J.

        Plaintiff, AeKyung Co., Ltd. ("plaintiff"), brings this

suit against Intra & Company, Inc. ("Intra"), Intra Offshore

Partners, Inc. ("Intra Offshore"), Nasser Dawani ("Dawani"), and

ten John Doe defendants, asserting Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and

common law fraud claims, and to recover an unpaid arbitration

award against Intra.  Plaintiff moves pursuant to Federal Rule of

Civil Procedure 37 to compel the deposition of Dawani, or in the

alternative, for default judgment.  Plaintiff also moves for an

award of reasonable expenses and attorney's fees incurred in

bringing the Rule 37 motion, and to amend the complaint under

Rule 15.  Intra and Dawani (collectively, "defendants") filed a

cross-motion pursuant to Rule 12(b)(1) to dismiss for lack of

subject matter jurisdiction, and pursuant to Rule 60, to vacate

this Court's September 3, 2003 judgment confirming an arbitration

award against Intra.[1]  For the reasons set forth below, plaintiff's (1) motion to compel is granted, (2) motion for default judgment is denied, (3) motion for costs and fees is denied, and (4) motion to amend is granted.  Defendants' motions are denied.

## 1

Plaintiff asserts RICO and common law fraud claims arising out of what was allegedly "a massive international fraud perpetrated by defendants who purported to have the ability to raise financing for a $300,000,000 real estate development project in the Republic of Korea contemplated by plaintiff and who, instead extracted $2,800,000 from plaintiff under the guise of fees and expenses for the work they falsely claimed they had done."  (Compl. ¶ 1).

On October 13, 2000, this Court ordered plaintiff and Intra to arbitration and stayed the litigation of the non-arbitrable claims.  <u>Aekyung Co., Ltd. v. Intra & Co., Inc.</u>, No. 99 Civ.

---

[1] In their Notice of Cross-Motion, defendants moved on two bases, (1) "pursuant to Rule 12(b)(1) dismissing the action for lack of subject matter jurisdiction," and (2) "pursuant to Rule 60 to vacate a certain 9/3/03 judgment entered against Intra." (Defs' Notice of Cross Motion at 1)  Defendants did not move to dismiss under Rule 12(b)(6).  However, in their Reply, defendants represent that they filed a 12(b)(6) motion, stating that the Reply was submitted in "further support" of their motion "to dismiss [the] RICO claim for failure to state a claim . . . ." (Defs' Reply at 1)  That representation is inconsistent with their Notice of Cross-Motion and its accompanying Memorandum. Thus, the only basis under which defendants properly moved for dismissal is pursuant to Rule 12(b)(1).

11773, 2000 WL 1521202 (S.D.N.Y. Oct. 13, 2002). An arbitration proceeding was subsequently conducted and an award rendered in favor of plaintiff in April 2003. (Affidavit of Jeffrey R. Mann, June 1, 2004, "June Mann Aff.," at ¶ 12) This Court entered a judgment confirming that award on September 3, 2003 (the "September 2003 Judgment"). No. 99 Civ. 11773, 2000 WL 10216 (S.D.N.Y. Jan. 6, 2000). Plaintiff now pursues the non-arbitrable RICO and fraud claims against Dawani and Intra Offshore, and also seeks to enforce the unpaid September 2003 Judgment against Intra Inc. (Affidavit of Jeffrey R. Mann, March 24, 2004, "March Mann. Aff.," at ¶¶ 5, 15)

On January 8, 2004, plaintiff served a Notice of Deposition upon Intra and Dawani for a deposition to be held on February 9, 2004. (Id. at ¶ 4 & Ex. A) Plaintiff sought Dawani's deposition in his individual capacity and as the sole shareholder, director, and officer of Intra. (Id. at ¶ 5) On February 2, 2004, plaintiff's attorney, Jeffrey R. Mann ("Mann") telephoned Michael Mantell ("Mantell"), counsel for defendants, to confirm the deposition. (Id. at ¶ 6) At that time, Mantell advised Mann that the deposition would not proceed on February 2, 2004 because Dawani would not be in the United States, and was ill and receiving medical treatment. (Id.) Although Mantell also stated that he would write to a letter to this Court regarding his client's inability to appear for the deposition, he did not do

so.  (Id. at ¶¶ 7-8)  On February 5, 2004, Mann wrote a letter to Mantell again seeking to schedule the Dawani deposition.  (Id. at 9 & Ex. B)  During a March 15, 2004 call, defendants consented to plaintiff's filing of a motion to compel the Dawani deposition, or alternatively, for default judgment.  (Id. at ¶ 13)

**2**

This Court will first address defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and may hear cases only where a federal question exists or there is diversity of the parties.  28 U.S.C. §§ 1331, 1332.  In addressing a motion to dismiss for lack of subject matter jurisdiction, the court must accept the allegations pled in the complaint.  See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). Plaintiff must demonstrate that jurisdiction exists by a preponderance of the evidence.

**3**

Because there are aliens on either side of the caption, defendants are correct in stating that the only possible basis for subject matter jurisdiction lies in the RICO claim.  (Defs' Mem. at 6)[2]  Defendants argue that this Court does not have

---

[2] Plaintiff argues that federal jurisdiction "was conferred by the Federal Arbitration Act," 9 U.S.C. § 9.  (Pl. Opp'n Mem. at 6)  However, it is well settled that the Federal Arbitration

-4-

jurisdiction over the instant case, and did not at the time the September 2003 Judgment was entered, because plaintiff has failed to state a RICO claim upon which relief can be granted.  (Id. at 7)  In fact, both sides' briefing on the jurisdiction issue focuses myopically on the sufficiency of plaintiff's RICO claim. That focus is misplaced.  "Whether a federal court posseses federal-question subject matter jurisdiction and whether a plaintiff can state a claim for relief under a federal statute are two [separate] questions . . . ."  Carlson v. Principal Fin. Group, 320 F.3d 301, 305 (2d Cir. 2003)(citing Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co., 341 U.S. 246, 249 (1951)).

> Jurisdiction, therefore, is not defeated as [defendants]
> seem to contend, by the possibility that the averments
> might fail to state a cause of action on which [plaintiff]
> could actually recover.  For it is well settled that the
> failure to state a proper cause of action calls for a
> judgment on the merits and not for a dismissal for want of
> jurisdiction.

Bell v. Hood, 327 U.S. 678, 682 (1946).  Under the correct analysis, "[f]ederal question jurisdiction exists where a well-pleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief

---

Act "does not create any independent federal-question
jurisdiction [and that] there must be an independent basis of
jurisdiction . . . ."  Perpetual Sec., Inc. v. Tang, 290 F.3d
132, 136 (2d Cir. 2002)(quoting Harry Hoffman Printing, Inc. v.
Graphic Communications, Int'l Union, Local 261, 912 F.2d 608, 611
(2d Cir. 1990)).

necessarily depends on resolution of a substantial question of
federal law." <u>Greenberg v. Bear, Stearns & Co.</u>, 220 F.3d 22, 25
(2d Cir. 2000)(quoting <u>Franchise Tax Bd. v. Constr. Laborers
Vacation Trust</u>, 463 U.S. 1, 27-28 (1983)).  In contrast,
jurisdiction does not exist where the federal issues are
"immaterial," "patently without merit," "insubstantial or
frivolous." <u>Bell</u>, 327 U.S. at 683.

In the instant case, plaintiff's complaint clearly states
that federal jurisdiction is based on a federal statute, <u>i.e.</u>,
RICO.  (Compl. ¶ 3)  Plaintiff has asked for relief based upon
that statute in four of the six causes of action.  (<u>Id.</u>, Counts I
- IV)  Moreover, without passing on the sufficiency of the RICO
claim, this Court notes that plaintiff does contend that the
complaint adequately pleads a pattern of racketeering activity
based on an open-ended continuity theory.  (<u>See</u>, <u>e.g.</u>, <u>Id.</u>. ¶¶
10, 33-48, 66-76, 81-84)[3]  Thus, because plaintiff's right to
relief necessarily depends on the resolution of a substantial
question of federal law, <u>i.e.</u>, the merits of the RICO claim,
subject matter jurisdiction does exist here.

**4**

---

[3] For example, plaintiff has made allegations which may
demonstrate that defendants' challenged conduct escalated and
would have continued into the future, and/or that the predicate
acts at issue were defendants' regular way of doing business.
<u>See, e.g.</u>, <u>DeFalco v. Bernas</u>, 244 F.3d 286, 324 (2d Cir. 2001);
<u>U.S. v. Alkins</u>, 925 F.2d 541, 552-53 (2d Cir. 1991); <u>Azrielli v.
Cohen Law Offices</u>, 21 F.3d 512, 521 (2d Cir. 1994).

Defendants move to vacate the September 2003 Judgment, arguing that this Court did not have subject matter jurisdiction over the case. (Defs' Mem. at 14) Based on the finding that subject matter jurisdiction exists, the motion is denied.

**5**

This Court now turns to plaintiff's motions, the first of which is a motion to compel the deposition of defendant Dawani, pursuant to Fed. R. Civ. P. 37(d). In response, defendants argue only that this Court does not have jurisdiction to hear the motion. (Defs' Reply at 8) Because defendants have presented no argument as to why Dawani, a party to this case, should not be deposed, plaintiff's motion to compel is granted. Fed. R. Civ. P. 37(d)(granting authority to the court to make orders in regard to discovery failures as are just).

Plaintiff moves, in the alternative, for a motion for default judgment. Given that the motion to compel is granted, the motion for default judgment is denied on the condition that defendants comply with the terms of this Memorandum and Order (see Section 8, below). See, e.g., Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 887 (S.D.N.Y. 1999)(finding that dismissal is inappropriate where alternative sanctions are available, and that "[i]t is well settled in this Circuit that the sanction of dismissal . . . 'is a drastic penalty which should be imposed only in extreme circumstances.'")(quoting

<u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (2d Cir. 1986) (other citations omitted)).

**6**

Plaintiff also moves for an award of reasonable expenses and attorney's fees associated with the filing of the motion to compel. (Pl. Mem. at 9) In support of that request, plaintiff cites <u>Beattie v. Bolla Taxi, Inc.</u>, No. 01 Civ. 1270, 2003 WL 22070538 (S.D.N.Y. Sept. 5, 2003), for the proposition that such an award is appropriate where a party fails to appear for a properly noticed deposition. However, <u>Beattie</u> dealt with parties who "failed to appear for their deposition on at least three separate occasions." <u>Id.</u> at *2. The instant case represents a far less extreme scenario.

"If a party fails to appear at a deposition after having been properly notified . . . 'the court . . . may make such orders in regard to the failure as are just . . . .'" <u>Handwerker v. AT&T Corp.</u>, 211 F.R.D. 203, 208 (S.D.N.Y. 2002)(quoting Fed. R. Civ. P. 37(d)). "Reasonable expenses, including attorney's fees, also may be awarded against the party and/or the attorney failing to act, unless the court finds that . . . 'other circumstances make an award of expenses unjust.'" <u>Id.</u> The circumstances in the instant case weigh against an award of expenses and fees at this time. First, plaintiff was notified of the fact that Dawani would not appear one week before the date of

the scheduled deposition. (March Mann Aff. ¶ 6)  Second,
Dawani's counsel did provide some justification for Dawani's non-
appearance, _i.e._, "that he would not be in the United States on
that date and was ill and was receiving medical treatment."
(_Id._)  Based on those circumstances, the motion for fees and
costs is denied.  Plaintiff, is however, granted leave to renew
the motion if Dawani fails to cooperate in the scheduling of his
deposition in accordance with this Memorandum and Order.

**7**

Finally, plaintiff moves pursuant to Rule 15(a) for leave
to amend the complaint to add factual allegations relevant to the
RICO claim (the "new facts").  (Pl. Opp'n Mem. at 20)  According
to plaintiff, the new facts will show that defendants engaged in
similar misconduct "against multiple [non-party] victims."  (_Id._)
Defendants argue that the motion should be denied because the
"RICO's four-year statute of limitations has run with respect to
the [new] conduct alleged." (Defs' Reply at 6)  Defendants are
correct in stating that RICO is governed by a four-year
limitations period.  _Agency Holding Corp. v. Malley-Duff &
Assocs., Inc._, 483 U.S. 143, 156-57 (1987).  That period places a
temporal limitation on when a plaintiff may sue based on an
_injury_ that she has suffered as a result of conduct defined in
the statute.  _See, e.g._, _Bingham v. Zolt_, 66 F.3d 553, 560 (2d
Cir. 1995)(emphasis added).  Here, plaintiff does not seek to add

the new facts in order to allege additional injuries caused by
defendants' misconduct.  Rather, the new facts relate to
misconduct against non-party victims, and would tend to show that
defendants engaged in a pattern of racketeering.  18 U.S.C.
§1961(5) (defining pattern of racketeering activity and providing
that RICO plaintiff may plead acts occurring "within 10 years
after the commission of a prior act of racketeering activity").
Thus, the limitations period governing RICO does not preclude
this Court from granting plaintiff leave to amend the complaint.

"Leave to file an amended complaint 'shall be freely given
when justice so requires,' and should not be denied unless there
is evidence of undue delay, bad faith, undue prejudice to the
non-movant, or futility."  Milanese v. Rust-Oleum Corp., 244 F.3d
104, 110 (2d Cir. 2001)(quoting Fed. R. Civ. P. 15(a), and citing
Foman v. Davis, 371 U.S. 178, 182 (1962)).  Defendants do not,
nor could they, argue that they would be prejudiced by the
amended pleading, as the new facts merely amplify existing
allegations that defendants "had undertaken a similar scam to
defraud . . . others then unknown to Aekyung."  ([Proposed] Am.
Compl. ¶ 101)  The original complaint provided notice of
plaintiff's intent to show that defendants engaged in a pattern
of racketeering activity.  (Compl. ¶¶ 91, 107)  For example,
defendants had notice that plaintiff planned to show that
defendants perpetrated similar schemes against non-party victims,

such as Asia Broadcasting and Communications Network, Ltd., a Thailand corporation. (Id. ¶¶ 28, 33-46, 66, 80-82) This Court thus finds that permitting plaintiff to file a first amended complaint is in the interest of justice and will not unduly prejudice defendants. Plaintiff's motion for leave to amend is granted accordingly.

**8**

For the reasons discussed above, defendants' motions to dismiss and vacate are denied. Plaintiff's motion to compel and motion for leave to file an amended complaint are granted, while the motions for default judgment and for expenses and fees are denied. Dawani's counsel shall immediately provide plaintiff's counsel with five dates, before November 1, 2005, on which Dawani is available for his deposition. If Dawani fails to appear for his deposition before November 1, 2005, plaintiff may renew the motions for default judgment and for expenses and fees.

So Ordered.

Dated: August **3**, 2005
       New York, New York

                                        Lawrence M. McKenna
                                        U.S.D.J.